ISAAC WEIL AND ISAAC CAHN, PLAINTIFFS IN ERROR, V. FREDERICK F. LANKINS AND CAROLINE E. LANKINS, DEFENDANTS IN ERROR.

**Creditor's Bill.** An attaching creditor cannot maintain an action, in the nature of a creditor's bill, to have an alleged fraudulent conveyance from his debtor set aside. Such an action can only be maintained by a judgment creditor.

ERROR to the district court of Seward county. The opinion states the facts of the case.

*Seth Robinson*, for plaintiffs in error.

*First.* The only question in the case is this: Is an attaching creditor entitled, by virtue of the levy of an attachment on the property of his debtor, to maintain a petition in the nature of a creditor's bill to set aside fraudulent conveyances and incumbrances of the attached property made by his debtor prior to the attachment?

*Second.* The general principle, grounded on reason and deducible from the authorities, is that where property is subject to execution, and a creditor seeks to have a fraudulent conveyance or obstruction to a levy and sale removed, he may file a bill as soon as he has obtained a lien upon the property, whether by attachment, judgment, or the issuing of execution. *Tappan v. Evans*, 11 *N. H.*, 311. *Stone v. Anderson*, 6 *Foster*, 506. *Bay State v. Goodall*, 39 *N. H.*, 223. *Robert v. Hodges*, 16 *New Jersey Equity*, 299. *Williams v. Michenor*, 3 *Stockt.*, 520. *Bigelow v. Andress*, 31 *Ill.*, 322, *and cases cited.* *Rinchey v. Stryker*, 28 *N. Y.*, 45. *Falconer v. Freeman*, 4 *Sandf., Ch.*, 565. *Conroy v. Woods*, 13 *Cal.*, 626, 633. *Castle v. Bader*, 23 *Cal.*, 75. *Bump Fraud. Conv.*, 511, 513.

*Third.* The lien acquired by the levy of an attachment is a specific and particular lien, giving the creditor

a right to have satisfaction out of the property levied on. It is therefore, similar in character and equal in dignity to a lien by mortgage and superior to a judgment lien, which is of a general nature. *Burnell v. Robertson*, 5 *Gilman*. 282. *Carter v. Champion*, 8 *Conn.*, *549, *558. *Merriam v. Sewall*, 8 *Gray*, 316, 320. *Franklin Bank v. Batchelder*, 23 *Maine*, 60. *Davenport v. Tilton*, 10 *Met.*, 320. *Downer v. Bracket*, 21 *Verm.*, 599. *Vreeland v. Bruen*, 1 *Zabr.*, 214.

*Fourth.* Our statute (Code Civ. Proc., Sec. 212,) like the statutes of all other states, provides that the order of attachment binds the property attached from the time of service; but this statute cannot be stretched to cover the demands of the case at bar, where prior to the commencement of the attachment suit the defendant has. conveyed the property, though fraudulently, to a third person not a party to the suit; and no doubt a *bona fide* purchaser, without notice, *pendente lite*, from such fraudulent grantee, would take the title unaffected by the pendency of the suit. The doctrine of *lis pendens* applies only to those who acquire some interest in the subject-matter of the suit from a defendant therein after the pendency thereof. *Stuyvesant v. Hone*, 1 *Sandf. Ch.*, 419. *Stuyvesant v. Hall*, 2 *Barb. Ch.*, 151. *Drake on Attach.*, *Sec.* 224.


*T. M. Marquette and H. C. Page*, for the defendants in error.

Before a creditor's bill can be brought, the remedy at law must first be exhausted by obtaining a judgment, issuing an execution, and having it returned *Nulla Bona*. *Newman v. Willetts*, 52, *Ill.*, 98. *Turner v. Adams*, 46 *Mo.*, 95. *Tantum v. Green*, 21 *N. J.*, *Eq.* 364. *Griffin v. Nitcher*, 57 *Me.*, 270. *Cripen v. Hudson*, 13 *N. Y.*, 161. *High on Injunction*, 25, 26, 27, 94 *and* 250.

MAXWELL, J.

On the 16th day of September, 1871, the plaintiffs in error, commenced an action against Frederick F. Lankins in the District Court of Seward County, to recover the sum of $735.39, and caused an order of attachment to be issued against the property of said Lankins. Lots 7, 10 and 11, in Block 12, in the town of Seward, were attached as the property of Lankins, the title at that time being in the name of Caroline E. Lankins, the wife of Frederick F. Lankins. On the 13th day of February, 1872, the plaintiffs in error filed their petition in said court, reciting the above facts, and alleging that the transfer of said lots to Caroline E. Lankins, was made after said indebtedness accrued, and for the purpose of defrauding creditors, more particularly the plaintiffs in error, and praying that said deed might be set aside, and the legal title declared to be in Frederick F. Lankins.

The defendant, Caroline E. Lankins, demurred to the petition of plaintiffs in error on the ground that the facts therein stated were not sufficient to constitute a cause of action. The demurrer was sustained by the court and plaintiffs excepted.

The cause is brought to this court by petition in error.

It appears from the petition that at the time the plaintiffs below commenced the action to set aside the conveyance to Caroline E. Lankins as fraudulent, they had not recovered a judgment against Frederick F. Lankins, and the only ground on which they base their claim to relief ·is, that they have a *lien* on said property by reason of the attachment.

In the case of *Brooks, et al., v. Stone, et al.,* 19 *Howard, N. Y. Pr. R.,* 395, the court held, "where a plaintiff is an *attaching creditor* of real estate, in an action for money due on a bond, he cannot sustain an action to set

aside an alleged fraudulent judgment of confession previously made by the defendant, and have an injunction to restrain the sale of the attached property, under and by virtue of such alleged fraudulent judgment. The plaintiff's complaint in such case, does not show that he is entitled to the relief demanded, as it does not show that he is a *judgment creditor*, and his remedy at law exhausted. *Non constat* that he will ever get a judgment."

In the case of *Jones v. Green, et al.*, 1 *Wallace*, 331, the court held: "A court of equity exercises its jurisdiction in favor of a judgment creditor only when the remedy afforded him at law is ineffectual to reach the property of the debtor, or the enforcement of the legal remedy is obstructed by some incumbrance upon the debtors' property, or some fraudulent transfer of it. In the first case the court, when its aid is invoked, looks only to the execution, and the return of the officer to whom the execution was directed. The execution shows that the remedy afforded at law has been pursued, and of course, is the highest evidence of the fact. The return shows whether the remedy has proved effectual or not.; and from the embarassments which would attend any other rule the return is held conclusive. * * *

In the second case the equitable relief sought rests upon the fact that the execution has issued and a specific lien has been acquired upon the property of the debtor by its levy, but that the obstruction interposed prevents a sale of the property at a fair valuation. It is to remove the obstruction, and thus enable the creditor to obtain a full price for the property that the suit is brought." We think it is clear that a creditor's bill to set aside a fraudulent conveyance, can only be maintained by a *judgment creditor*. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.