CHARLES WEINLAND, APPELLANT, v. ANDREW COCHRAN, THOMAS L. WISWALL, RUE P. HUTCHINS, JOHN W. FORD, AND JENNIE L. FORD, APPELLEES.

1. **Causes of Action:** JOINDER. Under certain statutory restrictions legal and equitable causes of action may be joined in the same suit, but they must be *existing*, not merely prospective, causes of action.

2. **Attaching Creditor:** CREDITOR'S BILL. Before obtaining judgment on his demand, an attaching creditor cannot maintain an action to have an alleged fraudulent conveyance of real estate set aside.

3. **Fraud:** REVIEW OF QUESTION OF. Where a question of fraud in fact is brought up for review, the supreme court is decidedly averse to interfering with the decision below, whether made by the court or by a jury; nor will it do so unless clearly satisfied that injustice has been done.

APPEAL from Nemaha county.

Plaintiff's action was in the nature of a creditor's bill to set aside conveyances by defendant Wiswall to defendant Ford of 850 acres of land in Nemaha county. The petition alleges in substance that Weinland had obtained judgment against defendants, Cochran, Wiswall, and Hutchins in the superior court of Chicago, Cook county, Illinois, March 7, 1876, for the sum of $4756.26 damages and $10 costs, upon which $97.42 only had been made by execution, etc.; that at the time said action was commenced, to-wit: September 21, 1875, Wiswall owned the lands described in the petition, but before judgment was rendered, and on the twenty-second day of November, 1875, Wiswall conveyed the said lands to the defendants, John W. Ford and Jennie L. Ford; that said conveyances were voluntary without consideration, and made to defraud creditors, etc.; and plaintiff prayed judgment and a decree to sell said land to pay said judgment.

Summons issued and served on defendants, Ford and wife, and returned not served as to the other defendants. Plaintiff sued out an attachment against the property of Cochran, Wiswall, and Hutchins, and attached the land in controversy as the property of Wiswall.

Ford and wife answered, denied the allegations of the petition except the conveyances of the land to them.

The district court, POUND, J., presiding, decided in favor of the defendants, and dismissed the cause.

In this court a motion was made to quash the bill of exceptions, and overruled. 8 Neb., 528.

*Schoenheit & Thomas, J. S. Stull,* and *T. L. Schick,* for appellant.

It seems clear from the authorities that the plaintiff has the right to ask, in the same action, for a judgment and also that the fraudulent conveyance be set aside. *The Marion Deposit Bank v. Mc Williams,* 1 West, L. Mo., 571. *N. Y. Ice Co. v. N. W. Ins. Co.,* 23 N. Y., 360. It is not sufficient that a conveyance be made upon good consideration or *bona fide.* It must be both. Kerr on Frauds, pp. 199 and 200. *Clements v. Moore,* 6 Wallace, 312. *Tootle & Maule v. Dunn,* 6 Neb., 99. *Chapel v. Clap,* 29 Iowa, 194. There can be no doubt from the evidence that Wiswall made the conveyance in question with intent to defraud his creditors, and the only doubt which can be suggested is whether Ford knew of that intent. If this is to be considered a *voluntary* conveyance, then the indebtedness raises a presumption of fraud, which becomes conclusive by insolvency. 1 Am. Lead. Cases, 41.

*J. H. Broady* and *W. T. Rogers,* for appellees, Ford and wife.

33

An attaching creditor cannot maintain an action in the nature of a creditor's bill to have an alleged fraudulent conveyance set aside. Such action can only be maintained by a judgment creditor. Weinland has not obtained a judgment against any of the defendants in this state, and bases his claim to equitable relief upon a foreign judgment, and upon which he had sued out an attachment, and claims a lien on the land in controversy by virtue of said attachment. We contend that the plaintiff has not exhausted his remedy at law, which is absolutely necessary before he can maintain this proceeding. *Weil & Cahn v. Lankin,* 3 Neb., 384. *Smith v. Thompson,* Walk. Ch., Mich., 1. *Newman v. Willett,* 52 Ill., 98. *Thayer v. Swift,* Har. Ch., Mich., 430. *Steward v. Stevens,* Ibd., 169. *Jones v. Green,* 1 Wall., 331. *McElwain v. Willis,* 9 Wend., 564. *Wiggins v. Armstrong,* 2 John. Ch., 144.

LAKE, J.

It was held by this court in the case of *Wiel & Cahn v. Lankins,* 3 Neb., 384, that before obtaining judgment on his demand, an attachment creditor cannot maintain an action in the nature of a creditor's bill to have an alleged fraudulent conveyance of real estate set aside. And it was there said that such a proceeding "can only be maintained by a *judgment creditor.*"

The rule there laid down is applicable to this case, and decisive of it, for if an independent suit in equity could not be maintained for that purpose, it cannot in reason be claimed that the court can take cognizance of the same matter by uniting it with the original cause of action, as is done here.

Under our practice, subject to certain statutory restrictions, legal and equitable causes of action may be included in the same suit; but they must be *exist-*

*ing*, and not merely *prospective* causes of action. And, furthermore, we see no propriety in a practice which would put a grantee to the trouble and expense of a protracted litigation in defense of his title until after the indebtedness of his grantor has been judicially established.

While these considerations alone call for an affirmance of the judgment, it may not be amiss to remark that, were we to go further, and, looking to the evidence, base our decision upon that, the result would be the same. There were some facts disclosed on the trial from which the court might possibly have inferred that the defendant, Ford, was a fraudulent purchaser of the land in question, but the decided preponderance of the evidence is the other way. Besides, where a question of fraud in fact is brought before us for review, and there is, as here, a real conflict of evidence, we are decidedly averse to interfering with the decision, whether made by court or jury. Indeed, we will not do so unless clearly satisfied that injustice has been done.

JUDGMENT AFFIRMED.