D. CROWELL, APPELLEE, v. WACLAW HORACEK, ET AL., APPELLANTS.

1. **Appeal to supreme court.** In an action to recover a money judgment the plaintiff alleged in his petition, that the debt was fraudulently contracted; that the defendant was insolvent, and in addition to the prayer for the amount due, sought to subject certain securities to the payment of his claim, and also prayed for an injunction. *Held*, That so far as the action was one in equity, an appeal to the supreme court would lie.

2. **Injunction.** A more general creditor, who has not reduced his claim to judgment, cannot maintain an action to enjoin a debtor from transferring his property.

APPEAL from the district court of Stanton county. Tried below before BARNES, J.

*J. C. Crawford,* for appellants.

*E. F. Gray,* for appellee.

MAXWELL, J.

On the 23rd of June, 1881, the plaintiff filed a petition against the defendants in the district court of Stanton county, in which he prayed for the following relief. *First.* For judgment against Waclaw Horacek, for the sum of $365.00 with interest from the 15th day of December, 1880. *Second.* For an injunction to restrain Mary Horacek from receiving a county warrant of Stanton county, drawn in her favor for the sum of $88.00. *Third.* To restrain J. Eberly, county clerk of said county, from delivering said warrant to said Mary Horacek or any other person for her; and that upon the final hearing said warrant may be declared to be the property of Waclaw Horacek, and be applied to the payment of the plaintiff's claim.

A temporary order of injunction was granted by the county judge of Stanton county, restraining " one F. Zander, from paying the amount due upon a certain promissory note against F. Zander, and in favor of said Waclaw Horacek, for $100.00." Also enjoining " one McGivern from collecting and paying or delivering to said Waclaw Horacek * * * any money, credits, or property," etc. Also to enjoin Mary Horacek from receiving, or the county clerk from delivering to her, said county warrant for the sum of $88.00. The injunction was dissolved on the 28th of July, 1881. Four days after the commencement of the action a motion was filed by the plaintiff to make F. Zander, F. McGivern, James Horacek, Sarah Horacek and Mary Horacek, parties defendant to the action, and praying for an injunction to restrain them from paying or receiving the money due upon the note and warrant heretofore described. What action, if any, was taken upon

this motion does not appear.  In November, 1881, judgment was rendered against Waclaw Horacek, and in favor of the plaintiff, for the sum of $398.80 and costs, and the court found that the defendants were guilty of the frauds charged in the petition, supplemental petition, and motion and affidavits for injunctions, and that the county warrant is still in the possession of J. Eberly, and was fraudulently caused to be drawn in favor of Mary Horacek, and directing the sheriff to endorse and receipt the warrant in the name of Mary Horacek, and enjoining Eberly from delivering said warrant to Mary Horacek, etc.   The Horaceks appeal to this court.   The plaintiff now moves to dismiss the appeal upon the ground that an appeal will not lie in such case—in other words, that this is an action at law.

The principal ground of relief sought in the petition is for an injunction, and as the appeal is from a decree of the district court making the injunction perpetual, the action to that extent at least is one in equity and is appealable.   The motion must therefore be overruled.

II.   The plaintiff in his petition, after setting forth the cause of action against Waclaw Horacek, states that for the purpose of defrauding his creditors, Horacek sold his personal property, including 12 road scrapers, afterwards sold to Stanton county, to his wife Mary Horacek; that he is wholly insolvent and has no means to pay the plaintiff's claim except such as may be derived from the sale of the personal property sought to be applied in this case; that on th' 20th day of June, 1881, Mary Horacek sold and deliv red twelve road scrapers to Stanton county; that the cl rl ɾʼ said county drew a warrant in favor of said Mary Horacek for the sum of $88.00, which warrant was duly signed and sealed, and said clerk, unless restrained, will deliver said warrant to said Mary Horacek; that the plaintiff has no adequate remedy at law, etc.   Does such a petition state any ground for equitable relief?  We think not.  A court of equity will not, at the suit of a mere

creditor, who has not reduced his claim to judgment, interfere by injunction to restrain a debtor from any disposition of his property which he may see fit to make.

In *Wiggings v. Armstrong*, 2 John, Ch., 144, Chancellor Kent says: "This is a case of a creditor on simple contract, after an action commenced at law, and before judgment, seeking to control the disposition of the property of his debtor, under judgments and executions, upon the ground of fraud. My first impression was in favor of the plaintiffs, but upon examination of the cases, I am satisfied that a creditor at large, and before judgment and execution, can not be entitled to the interference which has been granted in this case. In *Angell v. Draper*, (1 Vern., 399), and *Shirley v. Watts*, (3 Atk., 200), it was held, that the creditor must have completed his title at law, by judgment and execution, before he can question the disposition of the debtor's property; and in *Bennett v. Musgrave*, (2 Ves. 51), and in a case before Lord Nottingham, cited in *Balch v. Wastall*, (1 P. Wms., 445), the same doctrine was declared, and so it is understood by the elementary writers. (Mitford, 115. Cooper Eq. Pl., 149.) The reason of the rule seems to be, that until the creditor has established his title, he has no right to interfere, and it would lead to an unnecessary, and perhaps a fruitless and oppressive interruption of the exercise of the debtor's rights. Unless he has a certain claim upon the property of the debtor, he has no concern with his frauds. On the strength of settled authorities, I shall, accordingly, grant the motion for dissolving the injunction."

See also *Wineland v. Cochran*, 9 Neb., 480. *Weil & Cahn v. Lankins*, 3 Neb., 384. *Holdredge v. Gwynne*, 3 C. E. Green, 26. *Young v. Frier*, 1 Stockt., 465. *Uhl v. Dillon*, 10 Md., 500. *Rich v. Levy*, 16 Md., 74. *Phelps v. Foster*, 18 Ill., 309. *Bigelow v. Andress*, 31 Ill., 322. *Rhodes v. Cousins*, 6 Rand., 188.

The petition fails to state facts sufficient to justify the

court in granting an injunction, and its decree granting the same is reversed, and the injunction dissolved. There seems to have been an attachment issued in the case, but the proceedings under the attachment are not before the court. The decree of the court below will be modified in conformity to this opinion.

JUDGMENT ACCORDINGLY.