Keene v. Sallenbach.

ADELINE KEENE, PLAINTIFF IN ERROR, V. HANS SAL-
LENBACH, DEFENDANT IN ERROR.

1. **Attachment:** LIEN. Where an attachment is levied upon real
estate belonging to the debtor, whether held in his own name or
not, the attaching creditor acquires a lien upon the interest of the
debtor in the land which he may enforce after he recovers judg-
ment.

2. **Fraudulent Conveyance:** SERVICE BY PUBLICATION. Lands
in this state which have been conveyed to a non-resident of the
state, to hinder or defraud creditors, may be subjected to the
payment of the debts of the actual owner thereof, and service
may be had upon the holder of the legal title residing out of the
state, by publication.

3. **Sale on Execution:** RIGHTS OF PURCHASER. Where, under
a judgment on constructive service, certain lands were found to
belong to the debtor, and were subjected to the payment of the
judgment, and a sale was had and the lands sold to a *bona fide*
purchaser, *Held,* That he was entitled to protection, although
afterwards the judgment was vacated and set aside.

ERROR to the district court for Lancaster county. Tried
below before GASLIN, J., sitting for POUND, J.

*Brown & Ryan Brothers,* for plaintiff in error, cited:
*Milhop & Kingman v. Doane et al.,* 31 Iowa, 400, and
cases cited. *Frazier v. Mills,* 10 Neb., 113. *Morrill v.
Taylor,* 6 Neb., 246. *Galway, Semple & Co. v. Malchow,*
7 Neb., 285. *Mansfield v. Gregory,* 11 Neb., 298. *Bes-
sett v. St. Albans Hotel Co.,* 47 Ver., 313. *Day v. Wash-
burn,* 24 Howard, 352. *Dodge v. Griswold,* 8 N. H., 425.
*Mills v. Block,* 30 Barb., 550. *Almy v. Platt,* 16 Wis.,
172. *Weinland v. Cochran,* 9 Neb., 480. *Crowell v.
Horacek,* 12 Neb., 622. *Williams v. Lowe,* 4 Neb., 382.

*Lamb, Billingsley & Lambertson,* for defendant in error,
cited: *Greenway v. Thomas,* 14 Ill., 271. *Getsler v. Sar-
oni,* 18 Ill., 511. *Dewey v. Eckert,* 62 Ill., 218. *Wil-*

*liams v. Michenor*, 11 N. J. Eq., 520. Drake on Attachment. *Cooper v. Reynolds*, 10 Wallace, 308. Civil Code, § 82. *Howard v. Entreken*, 24 Kan., 428. *Taylor v. Boyd*, 3 Ohio, 354.

MAXWELL, J.

This is an action of ejectment brought by the plaintiff against the defendant in the district court of Lancaster county to recover the possession of the east half of the south-west quarter of section 22, in township 10, range 7 east. Judgment was rendered in the court below in favor of the defendant.

It appears from the record that in 1874 Hiram B. Keene and Nathaniel S. Keene, who were engaged in business in this state, became insolvent. Actions by attachment were commenced against them by some of their creditors, personal service being had, and the land in question attached as their property, although the legal title to the same was in the name of Josiah Keene, the father of said Hiram and Nathaniel. Judgments were afterwards recovered in these actions, and executions issued thereon, which were returned unsatisfied. Said judgments were assigned to one Clinton B. Jacobs, who filed a creditor's bill against Josiah, Hiram, and Nathaniel Keene seeking to subject the land in controversy to the payment of the judgments.

Josiah Keene being a non-resident of the state, service was had upon him by publication. It is alleged in the creditor's bill that the attachments were never discharged, but remain in full force; that at the date of the levy of said attachment, the real estate above described belonged to Nathaniel S. Keene and Hiram B. Keene, although the legal title to the same was in the name of Josiah Keene; but that he was not the owner thereof, nor ever possessed any interest therein; that the title to said land was placed

in his name by Nathaniel S. Keene and Hiram B. Keene for the purpose of hindering, delaying, and defrauding their creditors, etc.   The prayer of the petition is to exclude Josiah Keene from all right, title, or interest in said land and to subject the same to the payment of the aforesaid judgments.   A decree was rendered as prayed, and the land ordered to be sold as the property of Hiram B. Keene and Nathaniel S. Keene.   A sale was thereafter had and confirmed, and the defendant became the owner of said land, while the above decree was in full force, and it is clearly shown that he purchased in good faith.   In September, 1877, Josiah Keene died, having made a will wherein he devised the land in question to the plaintiff.

In 1880 she made application to open the default in the case of *Jacobs v. Nathaniel S. Keene, Hiram B. Keene, and Josiah Keene*, and the application being granted, she filed an answer, and it was afterwards determined that the land in dispute was the property of Josiah Keene, and not of Nathaniel S. Keene and Hiram B. Keene.

The power of the court, upon proper application to apply property within its jurisdiction to the payment of debts, is unquestioned.   Two questions therefore are presented by the record.   First, Can a creditor's bill be sustained after judgment to subject lands previously attached as the debtor's, but held in the name of another who is a non-resident, to the payment of a judgment?   Second, Is a *bona fide* purchaser under a judgment, declaring the lands to belong to the debtor, protected, the judgment being in full force, and no appeal having been taken?

In *Weil & Cahn v. Lankins*, 3 Neb., 384, a creditor levied an attachment upon certain real estate as belonging to the debtor, and at once, before he had recovered judgment, filed a creditor's bill to set aside certain alleged fraudulent conveyances of the attached real estate.   It was held that the action would not lie, because the plaintiff's claim was a mere *demand* and had not been reduced to

judgment. Such demand might be one for which the remedy by attachment would not lie, as for slander, malicious prosecution, etc., or it might be entirely unfounded. It therefore lacks the certainty which the law requires as one of the grounds upon which to found a creditor's bill. But where sufficient cause is shown for an attachment, and one is issued and levied upon real estate belonging to the debtor, whether held in his own name or not, the creditor acquires a lien upon the interest of the debtor in the land, which he may enforce after the recovery of judgment. Where in such case it is necessary to set aside a conveyance alleged to be fraudulent as to creditors, an action may be commenced for that purpose against the alleged fraudulent grantee and other proper parties, and it is the duty of the court to render such decree in the premises as the testimony will justify. The fact that the party holding the legal title to the land is a non-resident of the state is not material if the property is within the jurisdiction of the court, as the statute in such cases provides for service by publication. The court therefore had jurisdiction and its judgment until vacated or reversed was valid, and sufficient to justify a sale of the premises under the attachment.

2. The objection that the plaintiff herein, after the defendant had purchased the land in controversy, appeared in the case of *Jacobs v. Keene* and filed an answer therein, and it was afterwards found that Josiah Keene was the owner of said land, and not Nathaniel S. and Hiram B. Keene, does not affect the defendant's title, although it may perhaps be sufficient to enable the plaintiff to recover damages against Jacobs. But the statute provides that a bona fide purchaser shall be protected. This question was before the court in *Scudder v. Sargent, ante* p. 102, and it was held that a purchaser under a judgment subsequently opened is not affected by the vacation of the judgment. We adhere to that decision as a proper construction of the

statute. There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.