KENNARD, DANIEL & CO., APPELLANTS, v. J. F. HOLLENBECK AND CHARLOTTE HOLLENBECK, APPELLEES.

Practice: EVIDENCE. Upon the facts set out at some length in the opinion, *Held,* That the appellants are entitled to recover.

APPEAL from the district court of Jefferson county. Tried below before MORRIS, J.

*C. B. Letton* and *W. H. Snell,* for appellants.

*S. N. Lindley,* for appellees.

COBB, CH. J.

This action was brought in the district court of Jefferson county by the plaintiffs against the defendants for the

purpose of subjecting certain real property in said county to the payment of a judgment rendered in said county in a certain proceeding by attachment on the part of said plaintiffs against the said J. F. Hollenbeck, in which the said real property was attached.

The petition in the court below alleges the recovery by the plaintiffs in the said court, at the September, 1883, term thereof, of a judgment against the said J. F. Hollenbeck for the sum of $148.63, which judgment remains in full force and wholly unpaid. That in said cause, and at the said term of said court, the following property, which had been levied upon by virtue of an order of attachment sued out in said cause, was decreed and ordered to be sold to satisfy said judgment and costs: Lot eleven, in block nine, in Reynolds, Nebraska, and lots 3 and 4, in block 13, in Endicott, Nebraska. That said defendant, J. F. Hollenbeck, is wholly insolvent and has no property whatever to satify said judgment. That said J. F. Hollenbeck, at the time the indebtedness upon which said judgment was rendered accrued, was carrying on the business of dry goods and groceries, and on the 30th day of December, 1882, sold out his entire stock of dry goods and groceries, which stock included a large amount of the goods sold him by the plaintiffs, and for which said judgment was rendered, to one E. F. Miller, and then and there turned over to said Miller said stock, and at the same time said Hollenbeck was indebted to these plaintiffs for goods and merchandise that constituted a portion of said stock. '

That the said Miller, as part purchase price of said stock, gave said J. F. Hollenbeck said lot 11, in block 9, in Reynolds, and lots 3 and 4, in block 13, in Endicott, and that the consideration paid by said Hollenbeck to said Miller was the sole and only consideration paid for said property. That said J. F. Hollenbeck had said property conveyed by said Miller to Charlotte Hollenbeck, the mother of said J. F. Hollenbeck, for the purpose of plac-

ing it beyond the reach of said J. F. Hollenbeck's creditors, and to hinder and delay and defraud the plaintiffs and other creditors of said J. F. Hollenbeck in the collection of their claims, as the said Charlotte Hollenbeck then well knew. And that said Charlotte Hollenbeck holds said property in trust for the use of said J. F. Hollenbeck, etc. .

The defendants appeared by attorney and made answer by a general denial. There was a trial to the court, a finding and judgment for the defendants, and the plaintiffs' motion for a new trial having been overruled they bring the cause to this court by appeal.

By the bill of exceptions it appears that it was admitted by the parties in open court that the property described in the plaintiffs' petition was levied upon by virtue of an order of attachment issued out of said court in favor of Kennard, Daniel & Co. v. J. F. Hollenbeck, upon which a judgment was rendered in said cause, and was levied upon lot 11, in block 9, in Reynolds, Nebraska, and upon lots 3 and 4, in block 14, in Endicott, Nebraska. That said defendant, J. F. Hollenbeck, was a non-resident of the state of Nebraska, and that the only service of the pendency of said action defendant ever had was by personal service of summons upon him within the state of Iowa. It also appears from the evidence preserved in the bill of exceptions that all of the material allegations of the plaintiffs' petition were sufficiently proved; that the title to the said real estate in the said Charlotte Hollenbeck is only colorable; that she paid no consideration therefor, and that the same was placed in her name by the said J. F. Hollenbeck for the purpose of defrauding his creditors.

The appellees made no brief in the case, but it was stated at the hearing that the cause was decided in the district court on the question of the alleged deficient service of the summons in the attachment suit.

The object of the attachment proceeding was not to ob-

tain a general judgment against the defendant therein. Indeed a general judgment can only be rendered against a party who has been personally served within the jurisdiction of the court, or who appears; but the object of that proceeding was to hold the property in *statu quo* until a judgment could be rendered in a proceeding in which Charlotte Hollenbeck, the holder of the colorable title to the property, should be made a party. It is not necessary to say, and it is not said, that had a proper special appearance been made on the part of said J. F. Hollenbeck in the first cause he would not have been entitled to have the said attachment discharged. But the attachment having been served by seizing the real property within the jurisdiction, no service of the summons on the defendant being necessary for such purpose, such attachment would remain in force until discharged by the court and would not dissolve of its own weakness upon the making of an abortive attempt to serve the summons on the defendant therein. In the several cases of *Weil v. Lankins*, 3 Neb., 387, *Weinland v. Cochran*, 9 Id., 482, and *Crowell v. Horacek*, 12 Id., 625, it was held by this court that proceedings in the nature of a creditor's bill could only be maintained by judgment creditors. But the case at bar is relieved of the apparent difficulty of these cases by the admission recited in the bill of exceptions, that the plaintiffs had recovered judgment against the defendant, J. F. Hollenbeck. I will take occasion, however, to say that I do not think that the doctrine of those cases can be held strictly to apply to cases of non-resident defendants who have made fraudulent conveyances of property in this state, otherwise their general creditors would be without legal remedy. But I think that in such cases the plaintiff, having obtained his attachment and a special judgment thereon, can enforce his lien by action in the nature of a creditor's bill. See also *Keene v. Sallenbach*, 15 Neb., 200.

The judgment of the district court is therefore reversed

and the cause remanded to the district court with directions to render a judgment for the plaintiffs in accordance with this opinion.

JUDGMENT ACCORDINGLY.

THE other judges concur.