TALBOTT *v.* RANDALL and others.

Filed January 26, 1885.

EQUITY—FRAUDULENT CONVEYANCES—INJUNCTION.

Equity will enjoin any transfer of a debtor's property, made with intent to defraud and delay his judgment creditors, or to give a portion of such creditors a preference over others. But such power in the court can only be invoked in behalf of creditors who have established their claims in a court of law, and will not be exercised on behalf of mere contract creditors at large, whose claims are not reduced to judgment.

Appeal from Second judicial district court, Bernalillo county.

*Niell B. Field* and *Warren Bristol,* for appellant.

*William B. Childers,* for appellees.

AXTELL, C. J.    The very able opinion filed in this case by BELL, J., before whom the proceedings were had, is adopted by us as the law of the case; and, for the reasons set forth in said opinion, the judgment and decree of the lower court should be affirmed; and it is so ordered.

WILSON, J., concurs.

----

### *Opinion of the Lower Court in Above Cause.*

This is a bill in equity, brought to set aside a conveyance heretofore made by the defendant John W. Randall and his wife to the defendant John Randall, on the ground that the same was fraudulent and void as to this and the other creditors of the said John W. Randall. It appears from the bill that the complainant had, prior to the commencement of this suit, brought his action at law against the said John W. Randall to recover an alleged indebtedness, amounting to about $1,700. In his action at law the plaintiff therein and complainant here had sued out a writ of attachment and endeavored thereunder to levy upon the real property of the said John W. Randall, but failed because of the conveyance aforesaid, by which the legal title to the property had passed to the defendant John Randall. Upon the filing of this bill the court granted to the complainant a preliminary injunction, restraining the defendants from further conveyance of the property until the final hearing and determination. The injunction granted was accompanied by an order upon the defendants to show cause why the same should not be continued. The case now comes up for hearing upon that order. The only question presented by the bill is whether the complainant has the necessary standing in court to entitle him to the relief prayed for. Courts of equity have invariably intervened, when applied to by creditors who have established their claims in an action at law, to remove such obstructions as may exist to the collection of the debts thus established by enjoining defendants from so transferring their property as to place it beyond the reach of execution, and by setting aside conveyances which are found to be void as against such creditors. The general rule is that equity will enjoin any transfer of a debtor's property made with intent to defraud and delay his judgment creditors, or to give a portion of such creditors preference over others. But I think it is well settled that such power in the court can only be invoked in behalf of creditors who have established their claims by judgment in a court of law, and will not be exercised on behalf of mere contract creditors or creditors at large whose claims are not reduced to judgment. The rule and the reasons for it are aptly stated by a learned author, who says:

"Equity has jurisdiction of fraud, but it does not collect debts. A creditor must establish his demand at law, and obtain a lien upon the property before the transfer interferes with his rights, or he has any title to claim relief in equity. No creditor can be said to be delayed, hindered, or defrauded by any conveyance until some property, out of which he has a specific right to be satisfied, is withdrawn from his reach by a fraudulent conveyance. Such specific right does not exist until he has bound the property by judgment, or by judgment and execution, as the case may be, and has shown that he is defrauded by the conveyance in consequence of not being able to procure satisfaction of his debt in a due course of law. Then, and then only, he acquires a specific right to be satisfied out of the property conveyed, and shows that he is a creditor, and is delayed, hindered, and defrauded by the conveyance." Bump, Fraud. Conv. 534, 535.

Another author says:

"A judgment creditor only can inquire into the transmutation of his debtor's property." Jer. Ch. 405.

High (Inj. § 1403) says: .

"It is to be observed, however, that the jurisdiction is not exercised in favor of mere contract creditors, or creditors at large, whose claims are not reduced to judgment; and, in the absence of statutory provisions authorizing relief, courts of equity will not, at the suit of other than a judgment creditor, interfere by injunction to restrain a debtor from any disposition of his property, however fraudulent, which he may see fit to make. The principle upon which the rule is based, is that until the creditor has established his claim by judgment he has no right to question the action of his debtor, and has no concern with his frauds; and to allow the interference in behalf of mere general creditors before judgment, would lead to an unjustifiable and often oppressive interruption of the debtor's right to control his property."

Further on, the same author discusses the precise question arising in this case, and says:

"Upon the question whether an attaching creditor, whose demand is not yet reduced to judgment, may properly invoke the aid of equity to enjoin the transfer of the debtor's property, the authorities are not altogether uniform. The better doctrine, however, seems to be that such creditor occupies no better position in this respect than one who sues by the ordinary process of the courts, and he will not, therefore, be allowed to enjoin the disposal of the debtor's property on execution, even if the judgments under which the execution is issued were fraudulently confessed by the debtor. Nor can the debtor, by instituting a suit in attachment, and by service of garnishee process therein, acquire such a lien upon property in the garnishee's hands as to warrant a court of equity in enjoining the latter from disposing of the property before judgment and execution in his attachment suit. Such a creditor, having no judgment, execution, or lien upon the property, occupies the same position as any simple contract creditor, and an allegation of danger of loss will not give the court jurisdiction in such cases to grant an injunction." High, Inj. § 1405.

The same author further says:

"The general rule, denying relief by injunction against transfers of their debtor's property in behalf of creditors whose demands have not been reduced to judgment, has been modified by legislation in some of the states." Id. § 1407.

Legislation modifying the rule has been had in New Jersey, Maryland, and several other states; but this legislation was had in view of the rule that requires a debt to be established before a court of equity will interfere. Because a creditor sues out an attachment, it cannot be said that his debt is thereby established. He only differs from other general creditors in that the law, for special reasons named in the statute, lends to him the auxiliary aid of a writ of attachment. The debt is by no means thus established, nor does it tend to establish the debt any more than the ordinary sworn complaint of the plaintiff, in an action at law, does to establish the debt for which the action is brought.

In the numerous cases which I have examined, where the question at issue here has been carefully considered, the rule as laid down by the text-writers has been uniformly adhered to. The precise question is exhaustively considered in the case of *Thurber* v. *Blanck*, 50 N. Y. 80, and the rule, as furnished by the text-writers quoted, is therein held to be the law in that state. From numerous cases in other states I quote the following as being directly in point, and in support of the views which have been heretofore given: "No creditor, not a judgment creditor, can enjoin his debtor from transferring his property." *Crowell* v. *Horacek*, 12 Neb. 622; S. C. 12 N. W. Rep. 99. "Plaintiff must obtain a judgment at law before he can maintain a bill to set aside a sale of a stock of goods on the ground of fraudulent preference." *Goembel* v. *Arnett*, 100 Ill. 34. "Before a creditors' bill can be maintained to subject property of the debtor, fraudulently conveyed, to the payment of the complainant's claim, such claim must, as an indispensable prerequisite, have been first reduced to judgment." *Stewart* v. *Fagan*, 2 Woods, 215; 7 U. S. Dig. (N. S.) 224. "Before obtaining judgment upon his demand, an attaching creditor cannot maintain an action to have an alleged fraudulent conveyance of real estate set aside." *Weinland* v. *Cochran*, 9 Neb. 480; S. C. 4 N. W. Rep. 67. "In general, a creditor's suit cannot be maintained by an attaching creditor until he has recovered judgment." *Tennent* v. *Battey*, 18 Kan. 324.

We think the same principle is recognized by the supreme court of the United States in the case of *Jones* v. *Green*, 1 Wall. 330. In that case Mr. Justice FIELD, who delivered the opinion of the court, says:

"A court of equity exercises its jurisdiction in favor of a judgment creditor only when the remedy afforded him at law is ineffectual to reach the property of the debtor, or the enforcement of the legal remedy is obstructed by some incumbrance upon the property, or some fraudulent transfer of it."

In that case the bill was filed to subject certain real property of the judgment debtor to the lien of an execution before an attempt had been made to secure satisfaction of the debt by issue of execution at law thereon. It follows, of course, that where the legal claim, as in this case, was not even established by judgment, the court will not

interfere to set aside a conveyance for alleged fraud, or restrain further conveyance. In the light of all the authorities cited, and others examined, I am of opinion that the complainant herein is not in a position to be entitled to the relief asked for, and that the temporary injunction heretofore granted must be dissolved.