FIRST NATIONAL BANK OF COLUMBUS, APPELLEE, V. DANIEL HOLLERIN ET AL., APPELLANTS.

[FILED MARCH 17, 1891.]

1. **Attachment of Real Estate:** LIEN: EXECUTION. Where an attachment is levied upon real estate belonging to the debtor, whether held in his own name or not, the attaching creditor acquires a lien on the interest of the debtor in the land, which he may enforce after he recovers judgment. In such case it is unnecessary to issue an execution before bringing the action. (*Keene v. Sallenbach*, 15 Neb., 200.)

2. **Review.** Where the judgment of the court below is based upon conflicting testimony the supreme court will not set it aside unless it is apparent that it is clearly wrong.

APPEAL from the district court for Platte county. Heard below before MARSHALL, J.

*J. J. O'Connor*, for appellants, cited, contending that remedies at law should first have been exhausted : *McConnell v. Dickson*, 43 Ill., 99 ; *Bigelow v. Andress*, 31 Id., 322 ; *McDowell v. Cochran*, 11 Id., 31 ; *McDermutt v. Strong*, 4 Johns. Ch. [N. Y.], 689 ; *Stone v. Manning*, 2 Scam. [Ill.], 531 ; *Manchester v. McKee*, 4 Gilm. [Ill.], 511 ; *Adsit v. Sanford*, 23 Hun [N. Y.], 45.

*Sullivan & Reeder, contra,* cited, in reply to the conten-
tion: Drake, Attachment, sec. 225; 3 Pomeroy, Eq. Jur.,
sec. 1415; *Cornell v. Radway,* 22 Wis., 264; *Beck v.
Burdett,* 1 Paige [N. Y.], 305; *Keene v. Sallenbach,* 15
Neb., 200.

MAXWELL, J.

This is an action to remove a cloud from the title of real
estate and subject it to the payment of a certain judgment.
The plaintiff, after alleging its incorporation, states " that
on the 7th day of July the plaintiff commenced an action
in this court against said Daniel Hollerin to recover said
amount and filed in said action the necessary affidavit and
bond for an order of attachment against the property of
the defendant Hollerin; that thereupon a summons and
order of attachment against the property of said Hollerin
was duly issued out of said court and placed in the hands
of the sheriff of said Platte county for service; that on the
9th day of July, 1888, the said sheriff duly served said
summons upon said Hollerin, and under said order of at-
tachment and by virtue thereof he duly levied upon and
attached as the property of said Hollerin the following de-
scribed real estate, to-wit: The southwest quarter of the
southeast quarter and the southeast quarter of the south-
west quarter of section 1, township 20 north, range 4 west
of the 6th P. M., in Platte county, Neb., also the west
half of the northeast quarter of section 12 in said town-
ship and range, also commencing at the northeast corner of
the southwest quarter of section 12 aforesaid, running
thence west to the center of the channel of Shell creek,
thence down the channel of said Shell creek to the intersec-
tion of the east line of the said southwest quarter of said
section 12, thence north to the place of beginning; also
commencing at the northwest corner of the northeast quarter
of the northwest quarter of section 3, in township 19 north,

range 3 west, thence south to the southwest corner of the southeast quarter of said northwest quarter of said section 3, thence east to the middle of the main channel of said Shell creek, thence up the main channel of said Shell creek to the north line of said section 3, thence west to the place of beginning; that afterwards, on the 16th day of August, 1888, the plaintiff recovered a judgment against the defendant Hollerin in said action in said court for the sum of $2,107.85 and its costs, taxed at $———, and at the same time said court made and entered of record an order directing the sale of the real estate hereinbefore described for the satisfaction of said judgment; that afterwards, on the 22d day of August, 1888, an order of sale of said real estate was duly issued out of said court in said cause and placed in the hands of the said sheriff to be executed. Said judgment remains wholly unpaid and is still in full force and effect, and the whole amount thereof is still due from the defendant Hollerin to the plaintiff. The defendant Hollerin is wholly insolvent and has no property what ever subject to execution to satisfy the same.

"On the 30th day of July, 1888, the defendant Hollerin conveyed the premises hereinbefore described to his codefendant Thomas Swift, without consideration, and for the purpose of hindering, delaying, and defrauding the plaintiff and other creditors of said Hollerin, as the said Thomas Swift, defendant, then well knew. Said conveyance was by deed, which has been duly recorded in the office of the county clerk of said county; that said conveyance is a cloud upon the title of said premises and hinders and obstructs the sale thereof under said order of sale to satisfy said judgment. The plaintiff therefore prays that said conveyance from said Hollerin to said Swift be declared and adjudged null, and that said judgment be declared a first lien upon said premises, and for such other relief as may be equitable."

The defendant Swift in his answer alleges that he pur-

chased the property "in the ordinary course of business, and in good faith, and for a good and valuable consideration; and that he is now the owner of said property, and that the deed conveying said land to defendant from said Hollerin was duly recorded prior to the alleged attachment of said land."

The defendant Hollerin alleges that on the 7th of July, 1888, the plaintiff commenced an action against Martin Maher and the defendant to recover the sum of $2,107.85; that Maher was principal and the defendant surety, and that Maher was amply able to pay such judgment if execution was levied on his property.

On the trial of the cause the court found the issues in favor of the plaintiff and canceled the deed from Hollerin to Swift, etc.

The first objection made by the defendants is that the court had no jurisdiction to grant the relief demanded, because it did not appear that the bank had exhausted its legal remedy before bringing this action.

Where a lien is obtained upon real estate by the levy of an attachment thereon the creditor may proceed by an action in equity to remove obstructions to the sale.

The precise question here involved was before this court in *Keene v. Sallenbach*, 15 Neb., 200, and it was held that where an attachment was levied upon real estate belonging to the debtor, whether held in his own name or not, the attaching creditor acquires a lien upon the interest of the debtor in the land, which he may enforce after he recovers judgment. That case in our view states the law correctly and will be adhered to.

The second objection in effect is that the testimony does not sustain the judgment. We are not entirely satisfied with the judgment of the court below, but the testimony is of so conflicting a character that this court cannot say that the court below erred.

36

It would subserve no good purpose to review the testimony at length.

The judgment is

AFFIRMED.

THE other judges concur.