SAMUEL BRUMBAUGH, APPELLANT, V. THOMAS H. JONES
ET AL., APPELLEES.

FILED JANUARY 21, 1904. No. 13,282.

1. Creditors' Suit: INJUNCTION. A creditor whose claim has not been reduced to judgment, and who has neither a general nor specific lien on his debtor's property, is not entitled to have such property impounded as security for the claim, nor is such creditor entitled to an injunction restraining his debtor from disposing of some or all of his property.

2. ———. Mere insolvency and inability to reach a particular fund by garnishee process are not sufficient to take a case out of the general rule above stated.

3. ———: REMEDY AT LAW: DISMISSAL. Whenever, on the trial of a creditor's action, it appears that the plaintiff has a remedy at law, the equitable proceedings should be dismissed.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Affirmed.*

*Mockett & Polk,* for appellant.

*Frederick Shepherd, contra.*

BARNES, C.

The appellant commenced this action, in the nature of a creditor's bill, against Augusta May Jones, Elizabeth C. Jones, executrix of the last will and testament of Maurice Edward Jones, deceased, and Thomas H. Jones, and E. E. Page, a copartnership, doing business as the Forest City Novelty Company, in the district court for Lancaster county, for a so-called accounting and to recover judgment on a certain promissory note for the sum of $600 executed and delivered on the 15th day of February, 1900, by Thomas H. Jones, and E. E. Page, doing business as the Forest City Novelty Company, and signed by Augusta May Jones as surety, to the Handy Wagon Company, and of which the appellant is the owner. In addition to the accounting, the object and purpose of the suit was to restrain Eliza-

beth C. Jones, as executrix aforesaid, from paying over to
Augusta May Jones a legacy of $1,000 left her by the will
of Maurice Edward Jones, and to require her, as such ex-
ecutrix, to pay the money, or so much thereof as might be
necessary, into the court for the satisfaction of the sum
found due the appellant from Augusta May Jones, on the
promissory note aforesaid. The trial resulted in a decree
for the defendants, dismissing the plaintiff's petition, and
he brings the case here by appeal.

It appears that the note above mentioned was executed
at Cleveland, Ohio, was due six months after the date
thereof, and was payable to the order of the Handy Wagon
Company at the First National Bank of Canton, Ohio;
that it was signed by the Forest City Novelty Company
as principal, and by Mrs. May Jones as surety; that the
Handy Wagon Company had been dissolved, and the note
turned over to the appellant as his sole property; that the
surety, Augusta May Jones, is the wife of Thomas H.
Jones, and now resides, and at all times since the making
of the said note, has resided in the state of Ohio, of which
state the appellant is also a resident; that E. E. Page and
Augusta May Jones were both insolvent, except for her
interest in the estate of Maurice Edward Jones. As to
the solvency or insolvency of her husband, Thomas H.
Jones, the record is not exactly clear.

It further appears that on the 19th day of February,
1899, Maurice Edward Jones, then a resident of the city
of Lincoln, Nebraska, departed this life, leaving a last will
and testament; that by the terms of said will Elizabeth C.
Jones was named as executrix thereof; that she duly
qualified and accepted said trust on the 2d day of May,
1889; that the deceased left an estate in Lancaster county,
Nebraska, also in the states of Kansas, Texas and Alabama,
the total value of which was $15,000; that by the terms of
the will it was provided that after five years from the date
of the death of the testator, enough of the property left
by him should be sold to realize $3,000; $1,000 of which
was to be paid to the defendant, Augusta May Jones, as

a specific legacy; that Elizabeth C. Jones was the residuary legatee of the entire estate, except the $3,000 above mentioned.

This action was commenced on the 10th day of May, 1901, and it further appears that on or about the 1st day of September, 1899, Augusta May Jones entered into an oral agreement with Elizabeth C. Jones in her individual capacity, and not as executrix, by which Elizabeth agreed to take Augusta's minor son into her family in the city of Lincoln where she resided, and to board, clothe and educate him in the schools of said city, and was to receive in payment therefor the $1,000 legacy left Augusta by the will aforesaid; that said agreement was partly performed at the time of the commencement of this suit, in this: that Elizabeth had taken her said nephew into her family; had boarded, clothed and sent him to school from the 1st day of September, 1899, until the 10th day of May, 1901, and had expended, for that purpose, about half of the $1,000 due from her to his mother; and that said arrangement was entered into in good faith, without any knowledge on the part of Elizabeth of any liability on the part of Augusta by reason of the note in question; that there was no intention or purpose on the part of either of them in making such arrangement to evade the payment of any liability on the note, or in any way to hinder, delay or defraud any creditors of the said Augusta May Jones.

It further appears that some six months before the commencement of this action the persons interested in the estate of Maurice Edward Jones desiring to have the estate settled and procure the money due them therefrom without the delays incident to the final proceedings in probate court, entered into an agreement with the said executrix by which she paid, or agreed to pay them, and each of them, forthwith their respective legacies, and to receive the estate described in the will as her own private property; that said agreement and settlement had been carried out so far as Augusta May Jones was concerned, and before the commencement of this action she had executed a full

release of all her right, title and interest in said estate
to the said Elizabeth C. Jones; that such release, however,
was not fully completed as to all of the other legatees, but
was at that time in the process of execution, and was be-
ing sent from place to place for proper acknowledgment;
that in due time said settlement was approved by the pro-
bate court, and the executrix was discharged.  It further
appears that no action at law had ever been commenced by
the appellant against any of the signers of the note in
question; that no judgment had ever been obtained against
them, or any of them, and of course no execution had ever
been issued and returned *nulla bona.*  Such, in effect, were
the findings of the trial court.  Appellant excepted to one
of the findings, but in this instance we are not required to
pass on the exception, because the appeal brings the case
here for trial *de novo,* and according to the act of 1903
providing for appeals to this court, and our present rules,
we are required to retry the issues and reach independent
conclusions.

The first question for our determination is, whether or
not, under the circumstances disclosed in this record, a
creditor's bill can be maintained; in other words was it
necessary for the appellant, who is simply a general credi-
tor of Augusta May Jones, to obtain a judgment at law
against her on his note, issue an execution on such judg-
ment, and have it returned unsatisfied as a condition
precedent to the maintenance of this action.  We are fully
committed to the rule that a creditor whose claim has not
been reduced to judgment, and who has neither a general
nor specific lien on his debtor's property, is not entitled to
have such property impounded as security for the claim;
nor is such creditor entitled to an injunction restraining
his debtor from disposing of some or all of his property;
neither is he entitled to a decree canceling a fraudulent
transfer already made.  *Missouri, Kansas & Texas Trust
Co. v. Richardson,* 57 Neb. 617.  Even an attaching cred-
itor before obtaining judgment can not maintain an action
to have an alleged fraudulent conveyance set aside.  *Wein-*

*land v. Cochran,* 9 Neb. 480. Such an action can only be
maintained by a judgment creditor. *Weil & Cahn v. Lan-*
*kins,* 3 Neb. 384; *Crowell v. Horacek,* 12 Neb. 622; *Keene*
*v. Sallenbach,* 15 Neb. 200; *Kennard, Daniel & Co. v. Hol-*
*lenbeck,* 17 Neb. 362; *Sayre v. Thompson,* 18 Neb. 33;
*Warren v. Peabody,* 27 Neb. 224. Appellant claims, how-
ever, that because of the nonresidence of the parties, their
insolvency, and the fact that the legacy in the hands of the
executrix was not subject to garnishment, this case is an
exception to the rule, and that he can maintain the action.
The record discloses that the appellant and his debtor are
both residents of the state of Ohio. No reason is shown
why he did not obtain a judgment against her in an action
at law before coming here and resorting to this proceed-
ing. From an examination of the defenses interposed it
may be possible that the appellant could not have obtained
a judgment against Mrs. Jones in an action at law where
the issues could have been tried to a jury unincumbered
by equitable considerations, and this is one of the very
best reasons why he should be required to reduce his claim
to a judgment in the jurisdiction where both parties reside
before attempting to invoke the aid of equity in a foreign
jurisdiction. Again, insolvency and the fact that the fund
was not subject to garnishment in the hands of the ex-
ecutrix, are not sufficient to take the case out of the gen-
eral rule. This question was very fully considered in the
case of *Crowell v. Horacek,* 12 Neb. 622. In that case the
plaintiff in his petition, after setting forth the cause of
action against Horacek, stated "That for the purpose of
defrauding his creditors, Horacek sold his personal prop-
erty, including 21 road scrapers, afterwards sold to Stan-
ton county, to his wife Mary Horacek; that he is wholly
insolvent, and has no means to pay the plaintiff's claim,
except such as may be derived from the sale of the personal
property sought to be applied in this case; that on the
20th day of June, 1881, Mary Horacek sold and delivered
the road scrapers to Stanton county; that the clerk of
said county drew a warant in favor of the said Mary

Horacek for the sum. of $88, which warrant was duly signed and sealed, and said clerk, unless restrained, will deliver said warrant to said Mary Horacek; that the plaintiff has no adequate remedy at law," etc. And it was held that a court of equity will not, at the suit of a mere creditor who has not reduced his claim to judgment, interfere by injunction to restrain a debtor from any disposition of his property which he may see fit to make. The reason of the rule seems to be that until the creditor has established his title he has no right to interfere, and it would lead to an unnecessary and perhaps a fruitless and oppressive interruption of the exercise of his debtor's rights. Unless he has a certain claim upon the property of the debtor he has no concern with his frauds.

The foregoing case and the one at bar are alike in their general features; there, as here, was the question of insolvency; there, as here, was the question of the want of power to reach the property by garnishment. For it is well settled that a county is not subject to garnishment. *State v. Eberly,* 12 Neb. 616. We have examined the authorities cited by the appellant as far as possible, and find that they are not in point. In some of them there was a judgment but no execution, while in others the action was sustained because the creditor had obtained, in some manner, a specific lien on the property sought to be subjected to the payment of his claim. It is contended, however, that the case of *Fairbanks, Morse & Co. v. Welshans & Co.,* 55 Neb. 362, affords grounds which would authorize us to depart from the general usages and precedents of equity, but we do not so understand it. In that case the relief was denied to the non-judgment creditor, and the discussion in the opinion was mere dictum. The law of each case decided by this court is found in the syllabus and reasons therefor contained in the body of the opinion are not always binding on the court. In *Holliday v. Brown,* 34 Neb. 232, it was said: "There is an unwritten rule in this court that the members thereof are bound only by points decided in the syllabus of each case. Each

judge in the body of an opinion necessarily must be permitted to state his reasons in his own way, without binding the members of the court to assent to all such reasoning, although they may concur in the conclusions reached." We therefore hold that under the facts established by the record, the action can not be maintained. If this were not sufficient to dispose of the case there is another reason why the judgment of the trial court must be affirmed. It is contended by the appellant that there were $500, or more, due from Elizabeth C. Jones to Augusta May Jones at the commencement of this action; and that the fund so unpaid should be held liable for the satisfaction of the appellant's claim. This fact alone was sufficient, as soon as its truth was ascertained, to deprive the court of jurisdiction, if it ever had any, because it conclusively appears that Elizabeth was simply a debtor to Augusta May Jones for the amount of the unpaid balance of the debt incurred by her in the settlement of the legacy; that she owed this money to Augusta May, as an individual, and did not hold it as a trust fund, or in her capacity as executrix. It follows that Elizabeth C. Jones was liable to garnishment in an attachment suit, and could have been required to pay the money into court on garnishee process. It thus appeared that the appellant had an adequate remedy at law, and that fact alone justified the district court in dismissing the action.

For the reasons above given we recommend that the judgment of the district court be affirmed.

ALBERT and GLANVILLE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.