Carpenter v. Carpenter.

---

PEARL CARPENTER, APPELLANT, v. JAMES CARPENTER ET AL., APPELLEES.

FILED JUNE 7, 1920. No. 21050.

1. Judgment: PERSONAL JUDGMENT AGAINST NONRESIDENT. A court cannot acquire jurisdiction to render a personal judgment upon a money demand against a nonresident of the state without personal service within the state, or appearance in the action.

2. Fraudulent Conveyances: SUIT TO SET ASIDE. An action to set aside a deed and subject a tract of land to the payment of a money demand on the ground of fraud in the transfer, cannot be maintained until the demand has been reduced to judgment and a lien has been acquired upon the property.

APPEAL from the district court for Furnas county: WILLIAM C. DORSEY, JUDGE. Affirmed.

John Stevens, for appellant.

Lambe & Butler, contra.

LETTON, J.

This is an action brought by the plaintiff to set aside a deed of conveyance made by her former husband, de-

fendant Carpenter, and to recover for personal maintenance for several years past.

It is alleged that the parties were married in 1911; that at the time of their marriage they were residents of Nebraska, and the husband was the owner of 200 acres of land in this state; that in 1916, without consideration, he conveyed the property to his mother; that in 1917 the mother sold it to Fred Jensen; that the other defendants Jensen claim some interest in the land.

The Jensens entered their appearance. Constructive service was sought to be had on Carpenter by publishing a notice setting forth the object and purpose of the suit. Objections to jurisdiction by special appearance were filed by him setting forth that he is, and has been for several years past, a resident of Iowa, and that no summons has been personally served upon him. Evidence was taken as to the facts alleged in the special appearance. The court sustained the objections to jurisdiction, further found that Carpenter was an indispensable party to the suit, and that for that reason the court had no jurisdiction to proceed further, and the action was dismissed. Plaintiff appeals.

This action was purely *in personam*. The plaintiff did not seek to claim or assert any title or interest in the land itself. What she asked for was a personal judgment against Carpenter, and a removal of the cloud created by the deeds so that the judgment, when obtained, might become a lien against the land. She was not a judgment creditor; the land had not been attached nor sequestered in any manner; and she had acquired no lien of any nature upon the interest, if any, of her husband therein. It has repeatedly been decided by this court that, in order to set aside a deed as fraudulent, the plaintiff must have reduced his claim to judgment (*Weil v. Lankins,* 3 Neb. 384; *Crowell v. Horacek,* 12 Neb. 622; *Kennard, Daniel & Co. v. Hollenbeck,* 17 Neb. 362), and, following the leading case of *Pennoyer v. Neff,* 95 U. S. 714, 24 L. Ed. 565, that a court cannot

acquire jurisdiction to render a personal judgment upon a money demand against a nonresident of the state without personal service within the state, or an appearance in the action. *Rhoades v. Rhoades,* 78 Neb. 495, cited by plaintiff, is distinguishable. In that case the property was still in the husband's name, and the court had seized the *res* at the beginning of the action by the appointment of a temporary receiver, who had taken possession of the land.

The judgment of the district court is clearly right and must be

AFFIRMED.

ALDRICH, J., not sitting.