C. O. Carpenter, Receiver
vs.
Edith Jenks Gaines, et al.
} Eq. No. 11916.

DECISION.

February 4, 1933.

WALSH, J. Heard on motion to dismiss bill of complaint, the respondents having entered a special appearance for this purpose.

The bill sets forth that complainant and the bank of which he is receiver are of Knoxville, Tennessee; that respondent Gaines is of Knoxville, Ten-

nessee; that respondent Gaines is indebted to the bank on a promissory note; that respondent Gaines is a nonresident in Rhode Island, has no property open to attachment in Rhode Island and cannot be served with process in Rhode Island; that the respondent bank holds certain assets as trustee for said Gaines; that complainant has no adequate remedy at law in Rhode Island.

The note in question is an obligation created at Knoxville, where the receiver, the bank in liquidation and respondent Gaines reside. The makers of the note deposited with the bank, as security for the payment of the note, shares of the Knoxville Iron Co. of the par value of $14,800.

The bill does not allege that respondent Gaines has absconded; that it is impossible to sue her in Tennessee; that she is insolvent; that she is guilty of any fraud; that the note was ever dishonored; that the security has been disposed of or that the co-maker in Tennessee is dead, insolvent or otherwise not liable for the payment of the note.

This bill is in the nature of a creditor's bill to reach equitable assets of the debtor. A creditor's bill usually cannot be maintained until the creditor has exhausted his remedy at law.

> *Smith* vs. *Millett*, 12 R. I. 59;
> *Grinn* vs. *Brown*, 14 R. I. 524;
> *Stone* vs. *Westcott*, 18 R. I. 517.

Where the debtor has absconded or has died, so that there is no available remedy at law, creditors' bills may be maintained.

> *Merchants Bank* vs. *Paine*, 13 R. I. 592;
> *Gardner* vs. *Gardner*, 17 R. I. 751.

It would seem from the allegations in the bill that there is an adequate remedy at law for complainant. He, the complainant, the bank of which he is receiver and the respondent Gaines are all within the jurisdiction of the Courts of Tennessee and there is no allegation in the bill that respondent Gaines is judgment proof in that State. Furthermore, the bill admits that complainant has securities of the respondent Gaines in his possession, for which securities he is liable to account to the respondent Gaines. The bill shows no reason for the failure of complainant to get a judgment against respondent Gaines in Tennessee before coming to Rhode Island and resorting to this proceeding. It would seem that complainant should be required to reduce his claim to a judgment in the jurisdiction where complainant, his principal and the respondent Gaines are located before attempting to invoke the aid of equity in a foreign jurisdiction.

> *Brumbaugh* vs. *Jones*, 70 Neb. 786;
> *Ballou* vs. *Jones*, 13 Hun. (N. Y.) 629.

We find that the remedy at law for the collection of promissory notes has always been considered as an adequate one. A creditor's bill cannot be maintained until a judgment at law has been obtained and execution thereon has issued and been returned unsatisfied.

> *McKenna* vs. *Crowley*, 16 R. I. 364;
> *Stone* vs. *Westcott*, 18 R. I. 517;
> *First Nat'l Bank* vs. *Randall*, 20 R. I. 319;
> Pom. Eq. Jur. Vol. 3, 2nd ed., sec. 1415;
> *Matarese* vs. *Caldarone*, 26 R. I. 348.

The appearance of the respondent Gaines being a special one and being interposed solely for the purpose of raising the question of jurisdiction by this Court, we feel that the motion of the respondent Gaines for the dismissal of the bill of complaint should be granted for the reasons above set forth.

For complainant: George Hurley.

For respondent: Huddy & Moulton.